UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE MASSEY,

                           Plaintiff,

               -against-

CITY OF NEW YORK; NEW YORK CITY DEPT. OF CORRECTIONS; CORRECTION OFFICER JOHN DOE,

                         Defendants.

1:20-CV-7622 (LTS)

ORDER OF SERVICE

---

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff, currently held in the Manhattan Detention Complex, brings this *pro se* action seeking damages and alleging that the defendants violated his federal constitutional rights. He sues the City of New York, the New York City Department of Correction, and an unidentified "John Doe" correction officer. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. By order dated October 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      For the reasons set forth below, the Court dismisses Plaintiff's claims against the New York City Department of Correction. The Court requests that the City of New York waive service of summons, and directs the City of New York to comply with Local Civil Rule 33.2. The Court also directs the Corporation Counsel of the City of New York to provide to Plaintiff and the Court the identity, badge number, and service address of the "John Doe" defendant.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

A.   **The New York City Department of Correction**

The Court must dismiss Plaintiff's claims against the New York City Department of Correction ("DOC") because an agency of the City of New York, such as the DOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (the New York City Police Department is not a suable entity); *see Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (summary order) (the DOC is not a suable entity (citing *Jenkins*, 478 F.3d at 93 n.19))); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **The City of New York**

The Court directs the Clerk of Court to notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, the City of New York must serve a response to those standard discovery requests. In its response, the City of New York must quote each request verbatim.[2]

C.     **Unidentified "John Doe" defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the unidentified "John Doe" defendant. The "John Doe" defendant is the correction officer who, on August 22, 2020, was assigned to the housing unit in which Plaintiff was held in the Anna M. Kross Center, and who released, after 9:00 p.m., the prisoner who later assaulted Plaintiff on that date. The Court therefore orders the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, to ascertain the identity and badge number of the "John Doe" defendant whom Plaintiff seeks to sue here, and the address where that defendant may be served.[3] The

---

[2] If Plaintiff would like copies of those discovery requests before receiving any response and does not have access to the website, Plaintiff may request copies of those discovery requests from the Court's Pro Se Intake Unit.

[3] If the "John Doe" defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a

3

Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order (1) requesting that the newly identified defendant waive service of summons, and (2) directing the newly identified defendant to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York City Department of Correction. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Court directs the City of New York comply with Local Civil Rule 33.2 within 120 days of the date of this order.

---

waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility. If the "John Doe" defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel must provide a residential address where the individual may be served.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 19, 2020
        New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         United States District Judge

Copy mailed to:

**Tyrone H. Massey**
8952000522
Manhattan Detention Center
125 White Street
New York, NY 10013