```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TYRONE H. MASSEY,

                        Plaintiff,

        -against-                                         No. 20-CV-7622-LTS-RWL

THE CITY OF NEW YORK, et al.,

                        Defendants.
-------------------------------------------------------x
```

### MEMORANDUM ORDER

Plaintiff Tyrone Massey ("Plaintiff") brings this action pro se. As explained below, Plaintiff has not responded to Court orders or otherwise communicated with the Court since his reported release from custody on April 25, 2022. The Court hereby dismisses the Second Amended Complaint, see docket entry no. 48 ("SAC"), without prejudice for the reasons set forth below.

### BACKGROUND

On September 10, 2021, Plaintiff filed the SAC, alleging that while he was detained at the Anna M. Kross Center on Rikers Island in August 2020, New York City Department of Correction ("DOC") Officer John Doe failed to protect him from an assault by another inmate, and DOC Captain Rogers and Captain Susanker delayed Plaintiff's receipt of medical treatment, in violation of Plaintiff's constitutional rights. On April 8, 2022, Defendants informed the Court that Plaintiff had "agreed in principle to voluntarily dismiss the instant matter, with prejudice" and requested that the Court hold Defendants' deadline to file their motion to dismiss the SAC in abeyance, pending execution of the contemplated, proposed stipulation of dismissal. (Docket entry no. 68.) The Court extended the briefing deadlines sine

die, and directed the parties to file a subsequent status report by May 6, 2022.  (Docket entry no. 69.)  In the May 6, 2022 status update, Defendants stated that they were informed by the DOC that Plaintiff "was released from custody on April 25, 2022[;]" that they "had not received the signed Stipulation of Voluntary Dismissal from [P]laintiff[;]" and that they were "unaware of any way to contact [P]laintiff at [that] time to further discuss the matter."  (Docket entry no. 70.)  The Court issued an order on May 9, 2022, setting a briefing schedule for Defendants' motion to dismiss and directing Plaintiff to provide his updated contact information immediately, and in any event, within 30 days.  (Docket entry no. 71.)

Defendants filed their motion to dismiss the SAC on June 6, 2022.  (Docket entry no. 72.)  On August 12, 2022, Defendants filed a letter with the Court noting that Plaintiff failed to file an opposition to the pending motion by the July 22, 2022, deadline, and also failed to file his updated contact information with the Court.  (Docket entry no. 77.)  Defendants requested that the Court deem the motion to dismiss unopposed, and/or dismiss the case "pursuant to Rule 37 and/or Rule 41(b) of the Federal Rules of Civil Procedure."  (Id.)  In response, the Court entered an order grating Plaintiff "one final extension[,]" in light of his pro se status, to provide updated contact information and file his opposition to Defendants' motion to dismiss by September 16, 2022, or otherwise show cause in writing by that date as to why his case should not be dismissed for failure to prosecute.  (Docket entry no. 78.)  The Court warned Plaintiff that "failure to comply with the September 16, 2022, deadline may result in the dismissal of his claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  (Id.)

Plaintiff failed to comply with the September 16, 2022, deadline and to date, has failed to file an opposition to Defendants' motion to dismiss or provide his updated contact

information to the Court. Indeed, Plaintiff has not communicated with the Court since his supposed release from custody on April 25, 2022. For the reasons that follow, the Court hereby dismisses Plaintiff's SAC without prejudice for failure to prosecute.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a case "may be involuntarily dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'" White v. Westchester Cty., No. 19-CV-3604-KMK, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (citing Fed. R. Civ. P. 41(b)). Dismissals under Rule 41(b) constitute "harsh remedies that are appropriate only in extreme situations." See Wynder v. McMahon, 360 F.3d 73, 79 n. 10 (2d Cir. 2004) (internal modifications and quotations omitted). Considering the "special consideration given to pro se litigants," courts should "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Hunter v. New York State Dep't of Correctional Servs., 515 F. App'x 40, 42-44 (2d Cir. 2013) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). However, "all litigants, including pro ses, have an obligation to comply with court orders[,]" Ambrose v. Mestre, No. 12-CV-4349-PAE-JLC, 2014 WL 2708021, at *2 (S.D.N.Y. June 16, 2014), report and recommendation adopted, 2014 WL 5089438 (Sept. 24, 2014) (internal quotation and citation omitted), and the Court's authority to "invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" Masri v. Thorsen, No. 17-CV-4094-KMK, 2020 WL 4369907, at *1 (S.D.N.Y. July 30, 2020) (quoting Lyell Theatre Corp v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)).

The Second Circuit considers five factors in assessing whether dismissal of a plaintiff's case pursuant to Rule 41(b) is appropriate:

(1) the duration of the plaintiff's failure (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Chavis v. City of New York, No. 17-CV-9518-PAE-BCM, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), report and recommendation adopted, 2018 WL 6528238 (Dec. 11, 2018) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  No one factor is dispositive.  See id. (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999)).

Considering these five factors, the Court concludes that dismissal of Plaintiff's claims without prejudice is appropriate in this case.

First, Plaintiff has failed to take any action in this case, or communicate with the Court, since his supposed release from custody on April 25, 2022.  Because Plaintiff has failed to file his updated contact information with the Court or respond to Defendants' pending motion to dismiss, despite this Court's extensions of his deadlines to do so, this case has been effectively stalled for approximately five months.  (See docket entry no. 71 (directing Plaintiff to provide his updated contact information immediately); docket entry no. 78 (extending Plaintiff's deadlines to file updated contact information and opposition to the pending motion to dismiss until September 16, 2022).)  Plaintiff's delay in moving the litigation forward satisfies the duration prong and weighs in favor of dismissal.[1]

---

[1]  See Ambrose, 2014 WL 2708021, at *2 ("[I]t is a plaintiff's responsibility to pursue his or her case diligently," and therefore "'an action lying dormant with no significant activity to move it may warrant dismissal after merely a matter of months.'") (quoting Lyell Theatre Corp., 682 F.2d at 42-43); Seth v. City of New York, No. 1:19-CV-01960-AJN-SDA, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), report and recommendation adopted, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal"); Chavis, 2018 WL 6532865, at *3 (finding dismissal appropriate where Plaintiff failed to comply with discovery

Second, Plaintiff was on notice that failure to participate in the litigation would result in the dismissal of his case. After Plaintiff missed deadlines set by the Court to file his updated contact information and opposition to Defendants' motion to dismiss, the Court entered an order granting Plaintiff "one final extension[,]" warning him that failure to comply with the extended deadline "may result in the dismiss of his claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (Docket entry no. 78).[2]

As to the third factor, Defendants have been and are likely to be prejudiced by further delay "in the form of wasted time and resources." Greene v. City of New York, No. 19-CV-873-ARR-RER, 2020 WL 2840521, at *3 (S.D.N.Y. Apr. 23, 2020), report and recommendation adopted, 2020 WL 2836785 (S.D.N.Y. June 1, 2020). Defendants have filed their motion to dismiss, to which Plaintiff never submitted his opposition, and should "not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311-SAS, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

---

obligations for four months); Kent v. Scamardella, No. 07-CV-844-SHS, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) ("Although three months is not necessarily a delay of 'significant duration,' the delay . . . functioned as a complete block to moving this litigation forward.") (citation omitted).

[2] See also Khan v. McElroy, No. 13-CV-5043-AJN, 2015 WL 3526973, at *2 (S.D.N.Y. June 4, 2015) (finding "explicit warning" in court order indicating "that failure to comply would result in dismissal" satisfied notice requirement). Leybinsky v. United States Citizenship & Immig. Servs., No. 19-CV-6154-RPK-LB, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (explaining "[i]f for some reason petitioner did not receive actual notice of [the Court's] orders . . . by mail . . . , responsibility for that miscommunication lies with him"); see also Chavis, 2018 WL 6532865, at *4 ("If for some reason plaintiff did not receive actual notice of this Court's Orders either by mail or by email, he has no-one to blame but himself.").

The fourth factor supports dismissal because Plaintiff has been given several opportunities to pursue his claims against the Defendants and has apparently chosen not to do so. Plaintiff failed to meet the deadline for filing his updated contact information or his opposition to Defendants' motion to dismiss, and disregarded the Court's order directing him to either submit his opposition papers or show cause why his case should not be dismissed for failure to prosecute.³

Because Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective. See Alevizopoulos, 2000 WL 1677984, at *4 (dismissing case where plaintiff "repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances"). However, considering the "special consideration" owed to pro se litigants, Hunter, 515 F. App'x at 43-44, and the harshness of the Rule 41(b) remedy, the Court dismisses Plaintiff's claims without prejudice.

---

³ See McFarlane v. City of New York, No. 12-CV-4411-GBD-GWG, 2014 WL 3865245, at *2 (S.D.N.Y. Aug. 4, 2014) (dismissing case for failure to prosecute where Plaintiff did not respond to Defendants' motion to dismiss and ignored Court orders extending her time to submit opposition papers and directing her to show cause for why her case should not be dismissed for failure to respond to pending motion); White, 2020 WL 7323422, at *1 (dismissing case without prejudice where the plaintiff failed to file amended complaint or otherwise communicate with the Court). The Court has a strong "interest in managing its docket efficiently[,]" see Bailey v. City of New York, No. 19-CV-01488-MKV, 2021 WL 2688973, at *3 (S.D.N.Y. June 30, 2021), and does not have the responsibility to "chase dilatory plaintiffs while other litigants in this district seek access to the courts." Hibbert v. Apfel, No. 99-CV-4246-SAS, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

CONCLUSION

For the foregoing reasons, Plaintiff's claims are hereby dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum Order, resolve docket entry number 72, and close this case.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Order to the pro se Plaintiff.

SO ORDERED.

Dated: New York, New York
September 22, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge